# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SCOTT,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:11-1790 |
| v. | : | (JUDGE MANNION)[1] |
| **GEICO GENERAL INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

# **MEMORANDUM**[2]

Presently before the court is the defendant's motion for summary judgment, (Doc. No. 23). Finding that a reasonable jury could conclude that the defendant acted in bad faith thereby violating its duties under the contract of insurance or Pennsylvania's bad faith statute, 42 Pa.C.S. §8371, the motion to dismiss will be denied in part. The motion will be granted, however, with respect to the defendant's argument that punitive damages and attorney's fees are not available for a breach of contract claim and that no fiduciary relationship existed between the parties.

---

[1] The instant action was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 4, 2013, the matter was reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

The plaintiff and his wife were injured in an automobile accident on July 11, 2006. (Doc. No. 1, Att. 1 ¶ 4). The plaintiff brought a claim against the driver of the automobile that had collided with the plaintiff and settled the claim at the limits of the other driver's insurance policy, $95,000. (Id. at ¶ 5). The plaintiff subsequently made a claim under his underinsured motorist policy with the defendant, policy number 4056367612 (hereinafter the "Policy"). (Doc. No. 24 at ¶ 4). The Policy provides for underinsured motorist benefits of $300,000 per person and a limit of $600,000 per accident. (Id. at ¶ 5).

On August 31, 2011, the plaintiff filed his complaint in the Court of Common Pleas of Schuykill County, Pennsylvania alleging breach of contract and bad faith against the defendant for delaying the payment of full benefits. (Doc. No. 1 Att. 1). On September 27, 2011, the defendant removed the action to this court on diversity grounds. (Doc. No. 24 at ¶ 2). The plaintiff alleges that the defendant breached the contract of insurance by breaching the implied duty of good faith and fair dealing and that the defendant failed to act as a fiduciary to the plaintiff. (Doc. No. 1 ¶¶ 21-22). The plaintiff also claims that the defendant has acted in bad faith under Pennsylvania's bad faith statute, 42 Pa.C.S. §8371. (Id. at ¶ 25). The plaintiff seeks compensatory damages, including lost interest, attorney's fees and costs and

punitive damages under each cause of action. (Id. at ¶¶ 23, 26).

The plaintiff argues that the defendant's bad faith is evidenced by the protracted processing of his claim that included several settlement offers which were unreasonably low considering his injuries. On July 20, 2006, counsel for the plaintiff presented the plaintiff's UIM claim to the defendant seeking to collect proceeds at the policy limit, $300,000. (Doc. No. 24 at ¶ 22).

On or about June 1, 2007, the defendant informed counsel for the plaintiff that, based on the documentation provided to that point, it did not value the claim as being greater than $100,000 and, therefore, the claim was entirely covered by the other driver's policy. (Id. at ¶ 67). The parties do not appear to dispute that at the time of its first settlement offer, the defendant's claim examiners had received the police report of the accident, some post-accident medical reports and bills, an employment summary of the plaintiff's work in 2006 and 2007 and the report of a vocational expert. (Id. at ¶¶ 22-76; Doc. No. 25 Att. 4 at 3-4). The parties similarly do not dispute that the plaintiff had not yet provided, *inter alia*, authorizations for the investigation of his medical and employment records, a list of prior medical providers, information about additional employment and prior tax returns. (Id.). Over the next twenty months the defendant continued to investigate the claim and receive additional information from the plaintiff. (Doc. No. 24 at ¶¶ 93-126; Doc. No.

3

25 Att. 4 at 6-7).

On or about February 23, 2009, the defendant extended a settlement offer of $35,000 based on the information presented in the additional documentation collected during the period. (Doc. No. 24 at ¶ 134). The plaintiff rejected this offer and sought arbitration. (Id. at ¶ 143). In the months following, the plaintiff executed the requested medical release forms, submitted further information regarding additional employment and underwent an examination under oath and an evaluation by the defendant's vocational expert. (Doc. No. 24 at ¶¶ 158-197; Doc. No. 25 Att. 4 at 9-10).

On or about December 1, 2009, based on the newly acquired information, the defendant extended an offer of $120,000 to settle the claim. (Doc. No. 24 at ¶199). On December 10, 2009 the defendant increased its offer to $150,000. (Id. at 200). The plaintiff decreased its demand of $300,000 to $285,000, but the parties were unable to settle the matter. (Id. at ¶ 201).

On or about January 15, 2010, an arbitration panel awarded the plaintiff $450,000 in damages. (Id. at ¶ 209). The award was eventually modified to reflect the policy limit of $300,000. (Id. at ¶ 215). On or about February 23, 2010, the plaintiff acknowledged receipt of a check for $300,000 from the plaintiff. (Id. at ¶ 216).

On November 30, 2012, the defendant filed the instant motion for summary judgment, (Doc. No. 23), a statement of facts, (Doc. No. 24), and

4

a brief in support, (Doc. No. 25). In addition, on December 3, 2012, the defendant filed a number of exhibits in support of its motion, (Doc. No. 26). The defendant argues that its investigation and attempts to settle the plaintiff's claims were reasonable as a matter of law. With respect to the plaintiff's breach of contract claim, the defendant seeks summary judgment on alternative grounds that the plaintiff failed to satisfy a condition precedent of the claim, that the defendant fulfilled all of its duties under the contract and met its duty of good faith and fair dealing, and that punitive damages, attorney's fees and interest are not available under Pennsylvania law. With respect to the bad faith claim, the defendant argues that any delay in the processing of the claim is attributable to the plaintiff, that the plaintiff's claims were uncertain and subjective and that all settlement offers were reasonable based on the information available to the defendant at the time.

On December 21, 2012, the plaintiff filed a brief in opposition, (Doc. No. 28 Att. 15 ). On January 2, 2013, the plaintiff filed a counter-statement of facts, (Doc. No. 30). Also on January 2, 2013, the defendant filed a brief in reply, (Doc. No. 29).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. [Fed. R. Civ. P. 56](); *see also* [Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)](); [Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990)](). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. [Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)](); [Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995)](). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." [Anderson, 477 U.S. at 249](); *see also* [Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)]() (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *See* [Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007)]().

To prevail on summary judgment, the moving party must affirmatively

6

identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *see also Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III. DISCUSSION

The core facts in this case, including the general timeline of when various medical and financial documents were provided, are not in dispute. Rather, the central factual question is what reasonable conclusions regarding the plaintiff's claim could be gleaned from the information available at various points in time. The defendant has asked the court to find that its investigation and subsequent conclusions were reasonable as a matter of law. For the reasons discussed below, the court finds that such questions should be reserved for a jury.

### A. Bad Faith Claim

The plaintiff argues that the defendant acted in bad faith in fulfilling its obligations under the Policy. Pennsylvania's bad faith statute, 42 Pa.C.S. §8371, outlines actions a court may take should it find that an insurer has acted in bad faith and reads:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. §8371. The Third Circuit has subsequently defined bad faith

8

under this statute:

> 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir.2005) (quoting *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)). To succeed on a bad faith claim, a plaintiff must demonstrate "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Verdetto v. State Farm Fire & Cas. Co.*, 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) *aff'd*, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (quoting *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.1997)). Mere negligence, however, is not sufficient to establish a bad faith claim. *See id.* (citing *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir.1994)). In addition, a plaintiff must demonstrate bad faith by clear and convincing evidence. *See id.* Courts have therefore held that the plaintiff's burden is also elevated at the summary judgment stage. *See id.* (citing *McCabe v. State Farm Mut. Auto. Ins. Co.*, 36 F.Supp.2d 666, 669 (E.D.Pa.1999)). The court finds that related issues of fact remain as to

9

whether the defendant had a reasonable basis and whether information available to the defendant indicates that the defendant may have lacked a reasonable basis but disregarded that fact when making settlement offers.

The defendant argues that any delay in handling the claim is attributable to the plaintiff's failure to provide timely information, that the plaintiff's claims were uncertain and subjective and that its settlement offers were reasonable based on the information it had at the time. (Doc. No. 25 at 23-41).

The defendant argues that the plaintiff cannot claim bad faith because the plaintiff delayed in producing necessary documents. Setting aside the issue of what constituted sufficient production by the plaintiff and who or what may be responsible for the delays, the parties cannot dispute that more than three years passed between the initial claim and payment of proceeds. As the defendant suggests, a plaintiff's own delay cannot be the basis for a bad faith claim. *See [Brown v. Great Northern Ins. Co.](), 2009 WL 453218 (M.D.Pa. Feb. 23, 2009)*. The defendant, however, argues later in its brief that the "[p]laintiffs claims involved complex medical and wage loss issues providing reasonable basis for delay." (Doc. No. 25 at 28). This argument is brought to support the common-sense notion that a defendant must be afforded some period of time to investigate claims before bad faith can be alleged. It also holds, however, that some reasonable period for the plaintiff to produce documents must also

exist in the same "complex" case. Moreover, the plaintiff's claim does not rely entirely on the temporal delay as evidence of bad faith. Rather, the plaintiff asserts that both the overall delay and the under-valued settlement offers are evidence of bad faith.

What remains unclear, and must be decided by a jury, is: first, whether the pace of the plaintiff's production should be considered unreasonable and therefore dilatory and; second, what effect, if any, a delay had on the allegedly undervalued settlement offers made by the defendant. As such, the court finds that issues of fact remain as to whether the plaintiff delayed in producing necessary documents and whether any delay effected the defendant's basis for making settlement offers. As such, the court will deny the defendant's motion on the grounds that the plaintiff's alleged delay defeats his claim for bad faith.

The defendant also argues its valuations of the plaintiff's uncertain claim were reasonable and that its subsequent settlement offers were, in turn, reasonable. (Doc. No. 25 at 28). The court similarly finds that reasonableness of the defendant's acts is a question for the jury. The defendant argues that, among other factors, the presence of possible pre-existing conditions and the plaintiff's unsubstantiated employment claims made valuing the claim a difficult and time consuming endeavor. In addition, the defendant argues that

11

its settlement offers were based on their best calculations of the value of the uncertain claim and were not attempts to improperly negotiate with the plaintiff. *See Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 592 (E.D. Pa. 1999) *aff'd,* 234 F.3d 1265 (3d Cir. 2000)(discussing negotiation in insurance coverage cases involving uncertain injuries). Complex claims warrant substantial investigation and may provide a reasonable basis for delay. *See Alberici v. Safeguard Mut. Ins. Co.*, 444 Pa. Super. 351, 357, 664 A.2d 110, 113 (1995). Nevertheless, the level of complexity and what constitutes a reasonable period to investigate are questions of fact. Reading all facts in a light most favorable to the plaintiff, the court cannot determine as a matter of law that the defendant's investigation, calculation or subsequent settlement offers regarding what it alleges were an abnormally complex set of factual circumstances, was indeed reasonable.

Therefore, finding that a jury could find, by clear and convincing evidence, that the defendant's course of conduct did not rest on a reasonable basis and therefore constituted bad faith under 42 Pa.C.S. §8371, the court will deny the motion for summary judgement with respect to the bad faith claim.

**B. Breach of Contract Claim**

To establish a breach of contract under Pennsylvania law, a party must

12

demonstrate: (1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract, and; (3) damages. *See Amitia v. Nationwide Mut. Ins. Co.*, 3:08CV335, 2009 WL 111578 (M.D. Pa. Jan. 15, 2009)(citing *Ware v. Rodate Press, Inc.*, 322 F.3d 218, 225 (3d Cir.2003)). Here, the plaintiff alleges the defendant breached contractual duties of good faith and fair dealing and to act as a fiduciary to the plaintiff. (Doc. No. 1, Att. 1 ¶¶ 21-22). The defendant argues, alternatively, that the plaintiff failed to fulfill a condition precedent of the contract by failing to submit necessary information, that it did not breach its duty of good faith and fair dealing or any of its other duties under the contract, and that punitive damages, fees and interest are not available in breach of contract actions under Pennsylvania law. The defendant also argues that it owed no fiduciary duty to the plaintiff and therefore should not be held to a heighten standard of care. The court will address each argument in turn.

*i. Condition Precedent*

The defendant argues that the plaintiff's breach of contract claim cannot survive because the plaintiff's delay in providing necessary information constitutes a failure to fulfill a condition precedent. (Doc. No. 25 at 8). The defendant alleges that the plaintiff failed to fulfill the condition precedent of the contract because the "[p]laintiff did not make proof of claim on forms required

13

by GEICO as required by the Policy and Pennsylvania insurance regulations." (Id. at10). The defendant further argues that no duty arises until all conditions precedent are met. The defendant relies on *Verdetto v. State Farm and Cas. Co.*, 837 F. Supp. 2d 480, 484-85 (M.D.Pa. 2011) *aff'd*, 2013 WL 175175 (3d Cir. Jan. 17, 2013) , in which the court granted summary judgment in favor of the insurer who denied coverage after the insured failed to provide necessary documentation. The facts in that case, however, were quite different from those of the instant matter. In *Verdetto*, the insurer denied coverage under the renter's insurance policy after red flags in the investigation indicated possible arson. *See id.* The court found that the insured's failure to provide financial and telephone records, which were requested as part of the investigation into motive and opportunity to commit arson, was a material failure to comply with the insured's contractual obligations. *See id.* The court's focus was appropriately placed on the materiality of the alleged failures of the insured. The court specifically warned that "[t]he insured's breach must exceed a mere technical departure from the terms of the policy." *Id.* (internal quotation omitted). To the extent that the defendant argues the plaintiff's claim fails because he did not submit his claim on "forms required by GEICO" the argument is unavailing because this would constitute a technical departure. To the extent the plaintiff argues that the plaintiff's ongoing delays in providing

14

necessary documentation constitutes a breach, the materiality of the alleged breach is a question for the jury. *See Brethren Mut. Ins. Co. v. Thomas*, 2006 WL 2376248, *8 (M.D. Pa. Aug. 14, 2006). As such, the court will deny the defendant's motion for summary judgment on these grounds.

### *ii. Breach of Contract*

The defendant's argument that it has not violated its duties of good faith and fair dealing is closely related to the cause of action arising under Pennsylvania's bad faith statute. As discussed above, reading the current record in a light most favorable to the plaintiff, the court cannot find, as a matter of law, that the defendant did not act in bad faith or otherwise breach the contract. As such, the court will deny the defendant's motion for summary judgment on this ground.

### *iii. Damages*

The defendant argues that punitive damages, attorney's fees and interest are not available remedies for the breach of contract claim. The court finds that there are no circumstances in this case that warrant variation from the general rules regarding punitive damages and attorney's fees, but disagrees with the defendant regarding the unavailability of prejudgment interest.

Under Pennsylvania law, it is well settled that punitive damages are not

available in breach of contract actions. *See e.g., Kinnel v. Mid-Atl. Mausoleums, Inc.,* 850 F.2d 958, 968 (3d Cir. 1988) ("under Pennsylvania law a breach of contract cannot result in punitive damages even though it may result in compensatory damages")*; Baney v. Trans Union, LLC,* 2007 WL 1098523 (M.D.Pa. Apr. 10, 2007) (citing *Baker v. Pennsylvania National Mutual Casualty Ins. Co.*, 536 A.2d 1357, 1361 (Pa.Super.Ct.1987). The court similarly finds that attorney's fees are not available under the breach of contract count of this claim. *See Getz v. State Farm Ins. Co.,* 2012 WL 5288795 (W.D. Pa. Oct. 24, 2012).

With respect to the defendant's argument that prejudgment interest is not available as a matter of law, the court finds the argument unavailing. The defendant cites to Pennsylvania Rule of Civil Procedure No. 238, dealing with "Damages for Delay in Actions for Bodily Injury, Death or Property Damage." Pa. R. C. P. 238. Nevertheless, the cause of action in the instant case is for breach of contract, not a suit in tort for the underlying injuries. As such, the court finds Rule 238 to be inapplicable in this matter. *See Versatile Metals, Inc. v. Union Corp.,* 693 F. Supp. 1563, 1570 (E.D. Pa. 1988). Rather the court will rely on the general rule that "prejudgment interest is awardable in breach of contract cases pursuant to the case law of Pennsylvania.*" Jama Corp. v. Gupta*, 2008 WL 60204 (M.D. Pa. Jan. 3, 2008); *see also TruServ*

*Corp. v. Morgan's Tool & Supply Co.,* Inc., 614 Pa. 549, 39 A.3d 253, 265 (2012)(quoting RESTATEMENT (SECOND) OF CONTRACTS §354 cmt. d)("Damages for breach of contract include not only the value of the promised performance but also compensation for consequential loss.... In such cases, the award of interest is left to judicial discretion, under the rule stated in Subsection (2)."). The defendant has failed to demonstrate why interest should be barred from the calculation of compensatory damages requested by the plaintiff as part of a breach of contract claim.

    *iv. Fiduciary Duty*

Count I of the plaintiff's complaint asserts that "[t]he policy of insurance issued to Plaintiff had an implied duty of good faith and fair dealing, as well as [a] requirement that Gieco act as a fiduciary to Plaintiff." The defendant argues that it has no duty to act as a fiduciary when negotiating with its own insured and therefore should not be held to a heighten standard of care. The court agrees. In *Fitzpatrick v. State Farm Ins. Companies,* 2010 WL 2103954, *4-5 (W.D. Pa. May 25, 2010), the court found that a fiduciary duty only arises between an insurer and an insured when an insurer must defend against third-party claims. *See id.* (citing *Connecticut Indem. Co. v. Markman,* 1993 WL 304056, at *5 (E.D.Pa. Aug.6, 1993) ("Under Pennsylvania law, [t]he mere fact that an insurer and an insured enter into an insurance contract does not

17

automatically create a fiduciary relationship. Pennsylvania courts and federal courts interpreting Pennsylvania law have found that insurers assume fiduciary relationships with their insureds when an insurer asserts a stated right under a policy to handle all claims against its insured")(internal quotations omitted). The court held that "[b]ecause the instant case revolves around the [plaintiffs'] claims for UIM benefits under the Policy and does not involve claims by a third party, [the insurer] did not assume a fiduciary duty toward the [plaintiffs]." *Id.* at \*5. The plaintiff offers no legal argument to support the existence of a fiduciary relationship. Therefore the court finds that the defendant did not have a fiduciary duty to the plaintiff when resolving the UIM claims at issue. Rather, the standard of care is one of good faith and fair dealing. *See [id.](* (citing *[Zappile v. Amex Assurance Co.](*, 928 A.2d 251, 256 (Pa.Super.2007))). The court finds that although the plaintiff's claims of breach of the implied duty of good faith and fair dealing will move forward, no heightened duty based on a fiduciary duty exists and no independent claim for breach of contract based on a fiduciary exists as a matter of law.

## IV.    CONCLUSION

In sum, the court finds that genuine questions of material fact remain with regard to the central issue of bad faith under both counts. As such, the

18

motion to dismiss will be denied in part. The court finds as a matter of law that the defendant did not have a fiduciary duty to the plaintiff and that the plaintiff cannot recover punitive damages or attorney's fees under his breach of contract claim. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 19, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1790-01.wpd

19